UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL APODACA,<br><br>Defendant. | No. 2:99-CR-00140-TLN-CKD<br><br><br><br>FINDINGS & RECOMMENDATIONS |

The defendant is a federal prisoner serving a sentence of 311 months imprisonment imposed in this court on October 6, 2000 following convictions for bank robbery, armed bank robbery, and use of a firearm during a crime of violence. He has filed a motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).

Under that statute, the court can reduce a sentence which has already been imposed if the sentencing range has subsequently been lowered by the United States Sentencing Commission under 28 U.S.C. § 994(o), as long as reduction of the sentence is consistent with applicable policy statements issued by the Commission.

The defendant argues that the range of sentences applicable to his convictions were lowered in United States Sentencing Guidelines Amendment 742 which became effective on November 1, 2010, almost ten years after he was sentenced. However, in United States Sentencing Guidelines § 1B1.10, the Commission specifically identifies which sentencing range reductions shall have retroactive effect and, therefore, may provide the basis for a reduction of

1

sentence when a motion is filed pursuant to 18 U.S.C. § 3582(c)(2). Amendment 742 is not listed. Therefore, the defendant's sentence cannot be reduced pursuant to any provision of Amendment 742. See <u>Dillon v. U.S.</u>, 130 S. Ct. 2683, 2691-92 (2010) (district court has power to modify a term of imprisonment under 18 U.S.C. § 3582(c)(2) only if change in relevant sentencing guidelines was made retroactively applicable by the Sentencing Commission).

For these reasons, IT IS HEREBY RECOMMENDED that the defendant's motion for reduction of sentence (ECF No. 33) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 16, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
apod0140.mfr